**Tom McNATT, Jr., d/b/a Tom McNatt, Jr. Motor Co., Appellant,**

**v.**

**L. O. (Jim) COKER, Administrator, Appellee.**

**No. 15151.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 5, 1956.

**734**

J. R. Anthony, Jr., Fort Worth, for appellant.

L. L. Bowman, Jr., Greenville, for appellee.

YOUNG, Justice.

In controversy was the claim of appellant for money against the estate of Claudie D. (Johnnie) Landreth, which appellee Administrator had rejected. At conclusion of testimony and on the trial court's instruction, judgment was rendered establishing the claim in part. From such ruling, adverse to the claim in whole, this appeal is taken, no brief having been filed on behalf of appellee. The litigation, both in nature and result, will first be detailed, accepting appellant's brief as correctly stating the facts and the record. Rule 419, Texas Rules of Civil Procedure.

Tom McNatt was a used-car dealer at Greenville; alleging as a cause of action against defendant, with testimony in support, the following: That on May 13, 1952 he was the owner of a 1950 model Dodge pick-up truck, selling same to Landreth for an agreed price of $1,144, taking in payment the purchaser's 1940 Mercury sedan at value of $24, and two chattel mortgage notes, one for $200, payable to order of McNatt, due June 1, 1952, and signed by deceased under name of Johnnie Landreth; the other note for $920, payable to plaintiff in monthly installments of $76, signed by "Evelyn Nalls" (maiden name of Mrs. Johnnie Landreth, the wife); that the larger note was discounted by plaintiff at Greenville National Exchange Bank; where two payments of $75 each were made thereon by parties unknown, then transferred back to McNatt upon default in further payments.

It was stipulated that Landreth and wife were killed in a collision while riding in the 1950 Dodge pick-up truck on October 15, 1952, with the vehicle wholly demolished; defendant Coker qualifying as Administrator of Estate of Landreth, which administration is still pending.

Balance due on above described notes was the nature of claim presented by McNatt to defendant official ($970 plus interest at 10% after maturity and 10% attorney's fees), and by the Administrator rejected on October 24, 1953; the claim then becoming subject matter of the instant suit. In the same connection appellee filed

general denial; and in plaintiff's subsequent motion for summary judgment, refused by the trial court, defendant made sworn answer with reference to the $920 mortgage note, "that as such Administrator he investigated the facts and circumstances surrounding the execution of said note and found as near as he could determine that said note was executed in the name of Evelyn Nalls, which was the maiden name of the wife of Claudie D. Landreth, to facilitate the negotiation of said note, at the instance and request of Tom McNatt, Jr. That it was never intended as a debt of Claudie D. Landreth, according to the best information affiant was able to obtain."

Turning to the statement of facts, the trial court, upon objection made, ruled out all testimony of plaintiff involving sale of the 1950 Dodge pick-up truck to Landreth and execution of notes in question as violative of art. 3716, V.A.C.S., Dead Man's Statute; the signature of Landreth to the $200 note being identified by disinterested witnesses. Plaintiff also alleged in his "Petition for Establishment of Claim," a cause of action obviously on quantum meruit (or valebant); asserting delivery of the truck to Landreth with intent to charge reasonable compensation therefor, which reasonable value was $1,185, with deceased assuming ownership and control of the vehicle; that subsequently a total of $174 was paid on the truck by Landreth, with balance due and owing of $1,011, for which his estate was justly liable, together with statutory interest. During course of the trial one Hershel East testified that he had purchased from plaintiff the 1940 Mercury car formerly owned by Landreth, at a time when the latter was present; Landreth acknowledging that he had just bought a 1950 Dodge pick-up truck from McNatt along with his Mercury trade-in; the witness having seen Landreth and wife riding in and using the pick-up. Reasonable value or market value of the truck in question as of May 1952 was testified to as between $1,100 and $1,200.

As already stated, the jury verdict was in favor of plaintiff on instruction of the court; the judgment appealed from further reciting: "Thereupon, came on to be considered by the Court the amount to which plaintiff was entitled. The Court is of the opinion and finds that the plaintiff is entitled to a judgment establishing as a valid unpaid debt of the Estate of Claudie D. Landreth, deceased, one certain note in the amount of Two Hundred and No/100 Dollars ($200.00), dated May 13, 1952, due June 1, 1952, together with interest thereon at the rate of ten per cent. (10%) after maturity, and ten per cent. (10%) for attorneys' fees. The Court further finds that the evidence presented by the plaintiff, though uncontroverted, was not sufficient to support a verdict or judgment in favor of the plaintiff for any further portion of the relief sought." Manifestly, Judge Berry rendered aforesaid judgment on basis of an express contract (the two notes), refusing any recovery on the $920 instrument for insufficiency of testimony "though uncontroverted." Plaintiff's recovery was thereupon limited to the amount due on the $200 note ($291.50), with interest after judgment at 6% per annum.

Also at close of testimony plaintiff had requested of the court a peremptory instruction on basis of assumpsit or implied contract, which was refused; then requesting issues raised by pleading and evidence concerning delivery of the pick-up truck to Landreth at the latter's instance, and reasonable value of the vehicle at the time, which were likewise refused; and appellant's points of error are mainly addressed to the court rulings in this regard.

 While the rejected claim was apparently upon an express contract—the two notes—plaintiff was not thereby precluded from further asserting a cause of action in District Court on theory of an implied contract, on establishment of which a recovery would be limited to the jury's finding on reasonable market value of the property as of the particular date. Under the instant

record (no reply brief of appellee), we may assume a sufficiency of pleading by appellant for recovery on a contract implied by law, the testimony raising issues on such theory.

Lastly, we note that appellant seeks re-trial of the cause on an alleged quantum meruit liability "subject to the amount already allowed by the trial court on the $200 second lien note ($291.50)." He cannot base his recovery on a contract thus blended; in other words, both express and implied. 45 Tex.Jur., sec. 23, p. 334, et seq. Appellant's case on the notes has been fully developed with the trial court correctly. holding that his relief on the written instruments should extend no further than a satisfaction of the $200 note. The court erred, however, in not allowing a submission of issues on theory of an implied contract; and in consequence the cause is reversed and remanded for another trial.